1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **MARIANELA PACKER**, on behalf of herself and all others similarly situated, | ) Case No. |
| | ) |
| | ) **CLASS ACTION COMPLAINT AND** |
| Plaintiff, | ) **JURY DEMAND** |
| | ) |
| v. | ) |
| | ) |
| **ARMADA CORP.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NATURE OF ACTION**

1.      This is a class action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff, Marianela Packer ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Snohomish, and City of Everett.

Original Class Action Complaint - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrrobbins@AttorneysForConsumers.com

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Armada Corp. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant advertises: "Armada Corp. is a regional debt recovery firm with 65 years of leadership in the debt collection industry." *See* http://armadacorp.com.

9.      Defendant employs over 50 individuals throughout 6 offices located in Washington and Nevada to engage in the collection of consumer debts.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely personal medical services rendered (the "Debt").

12.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated June 27, 2012, and in such communication, provided Plaintiff

Original Class Action Complaint - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

with the notices required by 15 U.S.C. § 1692g(a).  (See June 27, 2012 Correspondence, attached as Exhibit A).

14.     In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated July 13, 2012, and in such communication, stated in relevant part:

SECOND NOTICE

It has been two weeks since our last notice to you regarding this debt.  This matter still has not been resolved.  Please call or come to our office today to satisfy this obligation.

Your balance is increasing with interest at 12% per annum.

Please call today.

Sincerely,

Account Representative

(See July 13, 2012 Correspondence, attached as Exhibit B).

15.     In its July 13, 2012 written communication, Defendant demanded payment within the thirty day dispute period, which is inconsistent with and overshadows the disclosures required by 15 U.S.C. § 1692g(a).

16.     Upon information and good-faith belief, Defendant's June 27, 2012 initial written communication is based on a form or template that Defendant regularly sends to alleged consumer-debtors in connection with its regular course of business in collecting consumer debts.

17.     Upon information and good-faith belief, Defendant's July 13, 2012 written communication is based on a form or template that Defendant regularly sends to alleged consumer-debtors in connection with its regular course of business in collecting consumer debts.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

18.     Upon information and good-faith belief, Defendant, as a matter of pattern and practice, sends an initial written communication containing the notices provided by 15 U.S.C. § 1692g(a) to consumers, and within thirty days thereof, Defendant, as a matter of pattern and practice, sends a subsequent written communication to consumers demanding payment within the thirty-day dispute period.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in the United States, with whom Defendant communicated in connection with the collection of a consumer debt, where:
>
> (1) Defendant sent the person an initial written communication containing the notices required by 15 U.S.C. § 1692g(a);
> (2) Within thirty days after the initial written communication, Defendant sent the person a subsequent written communication;
> (3) The subsequent written communication demanded payment from the consumer in less than thirty days from the consumer's receipt of the initial written communication; and
> (4) Defendant sent the subsequent written communication on or after one year prior to the date this complaint is filed.

20.     The proposed class specifically excludes the United States of America, the state of Washington, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit and the Justices of the United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

21.     The class is averred to be so numerous that joinder of members is impracticable.

22.     The exact number of class members is unknown to Plaintiff at this time and can

Original Class Action Complaint - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

be ascertained only through appropriate discovery.

23.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

24.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

25.     The claims of Plaintiff are typical of those of the class she seeks to represent.

26.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant.   Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

27.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

28.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

29.     Plaintiff is willing and prepared to serve this Court and proposed class.

30.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

Original Class Action Complaint - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

31.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

32.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

33.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

34.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

35.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

36.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

37.     Plaintiff repeats and re-alleges each and every factual allegation above.

38.     The FDCPA prohibits a debt collector from conduct or communication, either in the initial communication with the consumer or within thirty days after the consumer's receipt of the same, which overshadow or are inconsistent with the disclosure of the consumer's rights under section 1692g(a). 15 U.S.C. § 1692g(b).

39.     Defendant violated 15 U.S.C. § 1692g(b) by making statements in its subsequent written communication that are inconsistent with or overshadowed the disclosures required by 15 U.S.C. § 1692g(a), including by demanding payment within the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

c)  Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

d)  Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000.00 or 1 per centum of the net worth of the debt collector;

e)  Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

f)  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

g)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

40.  Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of January, 2013.

<u>s/Jon N. Robbins</u>
Jon N. Robbins (WSB# 28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

Original Class Action Complaint - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com